COMPENSATION TO COLLEGE PRESIDENTS The Board of Regents of Oklahoma Colleges may provide compensation to a president of an institution governed by the Board in addition to that compensation which is designated as salary, regardless of whether such additional compensation is designated as a fee, wage, remuneration, expense allowance or other form of compensation, so long as the total of all compensation paid to the president does not exceed the maximum limit provided for in 74 O.S. 250.6 [74-250.6] (1971). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: May the Board of Regents of Oklahoma Colleges legally provide compensation to a president of an institution governed by the Board in addition to that compensation which is designated as salary? In your request you state that it has been the traditional practice at the six institutions governed by the Board of Regents of Oklahoma Colleges to furnish the president of any such institution housing owned by the institution, located on the respective campus, as part of the president's compensation, but that many of these facilities are no longer suitable for housing. Concerning the powers and duties of the Board of Regents of Oklahoma Colleges, Article XIII(B), Section 2 of the Oklahoma Constitution provides in part that: "Said Board shall appoint or hire all necessary officers, supervisors, instructors and employees for such institution." And 70 O.S. 3510 [70-3510] (1971), provides for the Board to "fix the compensation . . . of such personnel as it deems necessary." Also pertinent to this question is 74 O.S. 250.6 [74-250.6] (1971), which reads in part as follows: "(a) It is the intent of the Legislature that the Oklahoma State Regents for Higher Education establish a maximum annual salary for the Chancellor for Higher Education and presidents of universities and colleges. The maximum salary and expense allowance should not exceed the salary and maintenance of Governor's Mansion established for the Governor of the State of Oklahoma. "(b) State officers and employees shall not be paid any salary, fee, wage, remuneration, expense allowance, or other compensation on warrants issued by the State Auditor except when claim for payment is made on the prescribed payroll form of the agency for which services are performed. Except, reimbursement for travel expenses incurred on official state business shall be made as provided by statute on approved travel claims." It clearly appears that the Board of Regents of Oklahoma Colleges has the authority to fix compensation for the presidents of the various universities under its jurisdiction. The term "compensation" has been held to mean that which constitutes an equivalent, recompense, or remuneration and the term clearly connotes something given in return for services rendered as distinct from a gift, bonus or other form of gratuitous or voluntary payment, Mathews v. Board of Education of the Town of Eruington, 106 A.2d 346 (N.J. 1954), and State v. Sheldon, 111 N.W. 372 (Neb. 1907). Section 250.6, cited above, provides for a maximum limit on any compensation paid to a university president, regardless of whether such compensation is designated as a salary, fee, wage, remuneration, expense allowance or some other form of compensation. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Board of Regents of Oklahoma Colleges may provide compensation to a president of an institution governed by the Board in addition to that compensation which is designated as salary, regardless of whether such additional compensation is designated as a fee, wage, remuneration, expense allowance or other form of compensation, so long as the total of all compensation paid to the president does not exceed the maximum limit provided for in 74 O.S. 250.6 [74-250.6] (1971). (Gerald E. Weis)